IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AMELIA FAYE MOORE                                                                        PLAINTIFF

V.                                                               CIVIL ACTION NO. 1:14CV87-SA-DAS

CAROLYN W. COLVIN,
Acting Commissioner of SSA                                                               DEFENDANT

## REPORT AND RECOMMENDATION

The plaintiff has appealed the final decision of the Social Security Administration denying her claim for disability benefits. She seeks leave to proceed *in forma pauperis.* Her affidavits is on the official short form affidavit (AO 240), but includes a reference to her husband's annual income. The affidavit indicates that the applicant, her husband and their two children live on his salary of $ 43,000.00 per year. The applicant has not worked and has earned no income within the last year.

In making its determination whether to grant the motion, this court considers whether the applicant has the resources and income to pay the court costs. The income and resources available to an applicant includes the spouse's income. *Muhammad v. Louisiana Attorney Discipline Board,* 2009 WL 3150041, at *1 (E.D. La. Sept. 25, 2009); *Montiel v Wyndham Anatole Hotel*, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003); *Mann v. Frank*, 1992 WL 219800, at * 3-4; *Williams v. Spencer*, 455 F. Supp. 205, 209 (D.Md. 1978) ("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on the litigant's actual ability to get funds from a spouse, a parent, an adult sibling or other next friend.")

Leave to proceed without payment of court costs is appropriate only where the party has no substantial assets and/or a poverty level income. Leave should be granted if the plaintiff will be deprived of the necessities of life if compelled to pay the court costs and therefore will suffer "undue financial hardship." *Walker v. Univ. of Texas Med. Branch*, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008). Here the plaintiff and her family of four live on $ 43,000.00 per year. By comparison the 2014 poverty level for a family of four in the contiguous United States is only $ 23, 850.00. (http://aspe.hhs.gov/poverty/14poverty.cfm). The plaintiff is not a pauper and will not suffer undue financial hardship if required to pay filing fees.

The undersigned, for the foregoing reasons, recommends that the application for *in forma pauperis* status be denied and that the plaintiff be required to pay the court costs within fifteen days of the order on the motion.

The parties are referred to 28 U.S.C. 636 (b)(1) and Local Rule 72 (a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

This the 27th day of May, 2014.

        /s/ David A. Sanders
        UNITED STATES MAGISTRATE JUDGE